ROBERT T. KAWAMOTO, ESQ.
LAW OFFICE OF ROBERT T. KAWAMOTO
234 Van Ness Avenue
San Francisco, CA 94102
(415) 487-9790
State Bar ID No. 78820

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                          Case No. 10-30380
                                                (Chapter 11)
GLOMETRO, INC
                                                FIRST AMENDED APPLICATION BY DEBTOR
                                                IN POSSESSION FOR AUTHORITY
                                                TO EMPLOY REAL ESTATE AGENT
_____Debtors_____/

TO THE HONORABLE COURT:

        The First Amended Application of GLOMETRO, INC, debtor in possession respectfully

represents:

        1.      On February 5, 2010, debtor filed the above-numbered petition for relief under

Chapter 11 of Title 11 of the United States Code.  Debtor has continued in possession of its

property and in control of its financial affairs as debtor-in-possession since the filing of this

petition.

        2.      Applicant remains in possession of its assets and continues to operate its business

as a debtor in possession pursuant to 11 U.S.C. 1101 (1), 1107, and 1108.

        3.      The debtor currently owns a commercial multi-unit rental real property located

at 722-728 Montgomery Street, San Francisco, CA 94111, for which this Chapter 11

proceeding was filed to stay a pending foreclosure action.

        4.      Mahnaz Khazen, of the real estate brokerage firm of Coldwell Banker

Commercial Bay (tel: (408)835-7030),was retained by the debtor prior to the filing of this

Chapter 11 petition to sell the subject real property described in paragraph 3, above.

5.    Mahnaz Khazen of Coldwell Banker Commercial Bay  has agreed to provide necessary services to debtor and the Debtor believes it necessary to have Mahnaz Khazen employed in this Chapter 11 case to provide it with necessary and appropriate services.  Such employment will include, without limitation, providing listing services for the sale of the subject real property, negotiations with prospective purchasers of the subject real property and preparation of all necessary documents to effect the sale of the subject real property.

6.    Applicant proposes, upon the granting of this application, to continue to employ Mahnaz Khazen of  the firm of Coldwell Banker Commercial Bay as its real estate listing agent. She is expert and experienced in the  matters  for which she is to be employed and is well qualified to provide Applicant with necessary services.

7.    Mahnaz Khazen. understands and agrees to accept such amounts as payment for her services as may be awarded therefor by this court.  No compensation has been or will be paid postpetition by Applicant to Mahnaz Khazen and only thereafter upon proper application to and approval by the bankruptcy court afer notice and a hearing.

8.    A listing agreement was entered between the debtor and Mahnaz Khazen of Coldwell Banker Commercial Bay for services to be provided prior to the filing of debtor's Chapter 11 petition and is subject to renewal between the parties. The Listing Agreement was modified by the parties in response to the Objection by the Office of the United States Trustee, specifically deleting paragraph 10c regarding possible Dual Agency, and paragraph 19, regarding Dispute Resolution.  Attached as Exhibit 1 is a copy of the proposed modified Listing Agreement.  A resume of Mahnaz Khazen is attached hereto as Exhibit 2.

9.    To the best of the knowledge, information, and belief of Applicant,Mahnaz Khazen the firm of Coldwell Banker Commercial Bay  is disinterested as that term is defined in 11 U.S.C. 101(14), and none of the partners or other professionals of Coldwell Banker Commercial Bay  are connected with the Debtor, any creditor, or any other party in interest, or their respective attorneys.

10.    To the best of the knowledge ,information, and belief of Applicant, Coldwell Banker Commercial Bay represents no creditor or other party in this Chapter 11 case.

13.    It is in the best interest of Applicant that Mahnaz Khazen  Coldwell Banker Commercial Bay continue to render real estate listing services to the Debtor.

14.    Applicant is satisfied from the attached declaration of Mahnaz Khazen that she represents no interest adverse to the Debtor or the estate and that the employment of Mahnaz Khazen of Coldwell Banker Commercia Bay would be in the best interest of the Chapter 11 estate.

WHEREFORE, debtors respectfully request that it be authorized, pursuant to 11 U.S.C. sec. 327(a) and 11 U.S.C. sec. 1107(a), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ Mahnaz Khazen of Coldwell Banker Commercial Bay, as its real estate listing agent, as set forth above, at the expense of the chapter 11 estate, as of the commencement of this case.


Dated: 5/17/2010                           /s/ Nancy Ho Belli
                                           NANCY HO BELLI
                                           President, Glometro, Inc



**CALIFORNIA ASSOCIATION OF REALTORS®** NHB

## COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT
NW (C.A.R. Form CLA, Revised 4/06)

1. **EXCLUSIVE AUTHORIZATION:** _Glometric_ _Glo-Metro_, Nancy Ho Belli _____ ("Owner")
hereby employs and grants _____ Coldwell Banker Commercial- Bay _____ ("Broker")
beginning (date) _____ March 15th _____ and ending at 11:59 P.M. on (date) _____ July 15, 2010 _____ ("Listing Period")
the exclusive and irrevocable right to ☒ SELL, ☐ LEASE, ☐ EXCHANGE, ☐ OPTION, or ☐ OTHER _____
the real property in the City of _____ San Francisco _____, County of ☐ _____ San Francisco _____,
California, described as: _____ 722-728 Montgomery street _____
_____ multi story building under construction _____ ("Property").

2. **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in an agreement between Owner and transferee, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded from the price.
**ADDITIONAL ITEMS EXCLUDED:** _All personal belongings_____.
**ADDITIONAL ITEMS INCLUDED:** _____.
Owner intends that the above items be excluded or included in listing the Property, but understands that: (i) the Agreement between Owner and transferee supersedes any intention expressed above and will ultimately determine which items are excluded and included in the transaction; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the Agreement between Owner and transferee.

3. **LISTING PRICE AND TERMS:**
   A. The listing price shall be _Ten Million, Five Hundred Thousand_____
   _____ Dollars ($_10,500,000.00_____).
   B. Additional Terms: _To be sold in as is condition and subject to the approval of the Bankruptcy_
   _Court._____

4. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Owner and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Owner agrees to pay to Broker as compensation for services irrespective of agency relationship(s): ☒ _6.000_ percent of the listing price (or if an agreement is entered into, of the contract price), ☐ $ _____, OR ☐ in accordance with Broker's attached schedule of compensation; as follows:
   (1) If during the Listing Period, or any extension, Broker, Owner, cooperating broker, or any other person, procures a buyer(s) who offers to acquire the Property on the above price and terms, or on any price and terms acceptable to Owner. (Broker shall be entitled to compensation whether any Escrow resulting from such offer closes or tenancy begins during or after the expiration of the Listing Period.)
   (2) If within _180_ calendar days after the end of the Listing Period or any extension, Owner enters into a contract to sell, lease, exchange, option, convey or otherwise transfer the Property to anyone ("Prospective Transferee") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period, or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Owner a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Owner, however, shall have no obligation to Broker under this paragraph 4A(2) unless, not later than **3 calendar days** after the end of the Listing Period or any extension thereof, Broker has given Owner a written notice of the names of such Prospective Transferees.
   (3) If, without Broker's prior written consent, the Property is withdrawn from sale, lease, exchange, option or other, as specified in paragraph 1, or is sold, conveyed, leased, rented, exchanged, optioned or otherwise transferred, or made unmarketable by a voluntary act of Owner during the Listing Period, or any extension thereof.
   B. If completion of the transaction is prevented by a party to the transaction other than Owner, then compensation due under paragraph 4A shall be payable only if and when Owner collects damages by suit, arbitration, settlement, or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Owner agrees to pay Broker: _inspection fees and fees not normally paid by the broker_____
   _____
   D. (1) Broker is authorized to cooperate and compensate brokers participating through the multiple listing service(s) ("MLS"): (i) by offering MLS brokers either: ☒ _3.000_ percent of the purchase price, or ☐ $ _____; OR (ii) (if checked) ☐ as per Broker's policy.
   (2) Broker is authorized to cooperate and compensate brokers operating outside the MLS as per Broker's policy.
   E. Owner hereby irrevocably assigns to Broker the above compensation from Owner's funds and proceeds in escrow. Broker may submit this Listing Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property involving Owner and a buyer, transferee or Prospective Transferee.
   F. (1) Owner represents that Owner has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: _____.
   (2) Owner warrants that Owner has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following Prospective Transferees: _____
   _____
   (3) If the Property is transferred to anyone listed above during the time Owner is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Listing Agreement; and (ii) Broker is not obligated to represent Owner in such transaction.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
**CLA REVISED 4/06 (PAGE 1 OF 4)**

Owner acknowledges receipt of a copy of this page.
Owner's Initials ( _NHB_ ) ( _____ )
Reviewed by _____ Date _____

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 1 OF 4)**

EXHIBIT 1

5. **OWNERSHIP, TITLE AND AUTHORITY:** Owner warrants that: **(i)** Owner is the owner of the Property; **(ii)** no other persons or entities have title to the Property, and **(iii)** Owner has the authority to both execute this Listing Agreement and transfer the Property. Exceptions to ownership, title and authority are as follows: _____

6. **MULTIPLE LISTING SERVICE:** Information about this listing will (or ☐ will not) be provided to the MLS of Broker's selection. All terms of the transaction, including financing, if applicable, will be provided to the selected MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Owner authorizes Broker to comply with all applicable MLS rules. MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 48 hours or some other period of time after all necessary signatures have been obtained on the listing agreement. However, Broker will not have to submit this listing to the MLS or can prohibit this listing or certain information from or about it from appearing on a certain internet sites if, within that time, Broker submits to the MLS a form signed by Seller (C.A.R. Form SEL or the locally required form) instructing Broker to withhold the listing from the MLS. Information about this listing will be provided to the MLS of Broker's selection unless a form instructing Broker to withhold the listing from the MLS is attached to this listing Agreement.

7. **OWNER REPRESENTATIONS:** Owner represents that, unless otherwise specified in writing, Owner is unaware of: **(i)** any Notice of Default recorded against the Property; **(II)** any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; **(iii)** any bankruptcy, insolvency or similar proceeding affecting the Property; **(iv)** any litigation, arbitration, administrative action, government investigation, or other pending or threatened action that affects or may affect the Property or Owner's ability to transfer it; and **(v)** any current, pending or proposed special assessments affecting the Property. Owner shall promptly notify Broker in writing if Owner becomes aware of any of these items during the Listing Period or any extension thereof.

8. **BROKER'S AND OWNER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Listing Agreement. Unless Owner gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary, and advertise and market the Property in any method and medium, including the Internet, selected by Broker, and, to the extent permitted by these media, including MLS, control the dissemination of the information submitted to any medium. Owner agrees to consider offers presented by Broker, and to act in good faith toward accomplishing the transfer of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Owner agrees to provide Broker and transferee(s) all written disclosures, as required by law. Owner further agrees to immediately disclose in writing any condition known to Owner that affects the Property, including, but not limited to, any past or current generation, storage, release, threatened release, disposal, and presence and location of asbestos, PCB transformers, petroleum products, flammable explosives, underground storage tanks and other hazardous, toxic or contaminated substances or conditions in, on, or about the Property. Owner shall maintain public liability and property damage insurance on the Property during the Listing Period or any extension. Owner waives all subrogation rights under any insurance against Broker, cooperating brokers or employees. Owner is responsible for determining at what price to list and transfer the Property. **Owner further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney's fees arising from any incorrect information supplied by Owner, or from any material facts that Owner knows but fails to disclose.**

☒ **(If checked)** The attached property disclosure is part of this Listing Agreement and may be provided to Prospective Transferees.

9. **DEPOSIT:** Broker is authorized to accept and hold on Owner's behalf any deposits to be applied toward the contract price.

10. **AGENCY RELATIONSHIPS:**

A. **Disclosure:** If the Property includes residential property with one to four dwelling units and this Listing Agreement is used to list the Property for sale, exchange or lease for a period of greater than one year, a "Disclosure Regarding Agency Relationships" form is required to be provided to Owner prior to entering into this Listing Agreement.

B. **Owner Representation:** Broker shall represent Owner in any resulting transaction, except as specified in paragraph 4F.

C. **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Owner and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Owner any election to act as a dual agent representing both Owner and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Owner hereby consents to Broker acting as a dual agent for Owner and such Buyer. In the event of an exchange, Owner hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Owner understands and agrees that: **(i)** Broker, without the prior written consent of Owner, will not disclose to Buyer that Owner is willing to transfer the Property at a price less than the listing price; **(ii)** Broker, without the prior written consent of Buyer, will not disclose to Owner that Buyer is willing to pay a price greater than the offered price; and **(iii)** except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

D. **Other Owners:** Owner understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or acquire through Broker, property the same as or similar to Owner's Property. Owner consents to Broker's representation of owners and buyers of other properties before, during, and after the end of this Listing Agreement.

E. **Confirmation:** If the Property includes residential property with one to four dwelling units, Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Owner's execution of an agreement to sell.

11. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of the interior of the Property. Owner agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Owner.

Owner acknowledges receipt of a copy of this page.

Owner's Initials ( <u>N/d/R</u> ) ( _____ )

| Reviewed by _____ | Date _____ |

Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

CLA REVISED 4/06 (PAGE 2 OF 4)

Belli

12. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors and accompanying prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism, or damage attributed to the use of a keysafe/lockbox. Owner does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Owner does not occupy the Property, Owner shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox. (C.A.R. Form KLA)

13. **SIGN:** Owner authorizes Broker to install a FOR SALE/SOLD/LEASE sign on the Property unless otherwise indicated in writing.

14. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state, and local anti-discrimination laws.

15. **ATTORNEY'S FEES:** In any action, proceeding, or arbitration between Owner and Broker regarding the obligation to pay compensation under this Listing Agreement, the prevailing Owner or Broker shall be entitled to reasonable attorney's fees and costs, except as provided in paragraph 19A.

16. **ADDITIONAL TERMS:** _The sale of the property is subject to the approval of the bankruptcy court, the_
    _building is not complete._
    _The provisions of arbitration and dual agency is crossed off and is not part of the contract._

17. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Listing Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Listing Agreement, in writing, within 5 days after its execution.

18. **SUCCESSORS AND ASSIGNS:** This Listing Agreement shall be binding upon Owner and Owner's successors and assigns.

19. **DISPUTE RESOLUTION:**

A. **MEDIATION:** Owner and Broker agree to mediate any dispute or claim arising between them out of this Listing Agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 19B(2) below. Paragraph 19B(2) below applies whether or not the Arbitration provision in initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney's fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.

B. **ARBITRATION OF DISPUTES: (1)** Owner and Broker agree that any dispute or claim in law or equity arising between them regarding the obligation to pay compensation under this Agreement, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph 19B(2) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California law. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.

**(2) EXCLUSIONS FROM MEDIATION AND ARBITRATION:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.

**"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

**"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

Owner's Initials _____ / _____     Broker's Initials _____ \

Owner acknowledges receipt of a copy of this page.
Owner's Initials ( NHB ) ( _____ )

Reviewed by _____ Date _____

Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
CLA REVISED 4/06 (PAGE 3 OF 4)

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 3 OF 4)**

**20. ENTIRE CONTRACT:** All prior discussions, negotiations, and agreements between the parties concerning the subject matter of this Listing Agreement are superseded by this Listing Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Listing Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be executed in counterparts.

**By signing below, Owner acknowledges that Owner has read, understands, received a copy of and agrees to the terms of this Listing Agreement and any attached schedule of compensation.**

Date _____ at _____ *San Francisco* _____

Owner *212 Metro Gilometro*

By _*Nany Ho Belli*_ _____ Title *President*

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____


Date _____ at _____ *San Francisco* _____

Owner *Nancy Ho Belli*

By _*Nancy Ho Belli*_ _____ Title _____

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____


Date _____ at _____

Owner _____

By _____ Title _____

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____


Date _____ at _____

Owner _____

By _____ Title _____

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____


Real Estate Broker (Firm) *Coldwell Banker Commercial—Bay* _____ DRE Lic. # _____

By (Agent) _*Mahnaz Khazen*_ _____ DRE Lic. # *01175708* _____ Date *May 9 2010*

Address *20490 Saratoga Los Gatos road*    City *Saratoga* _____ State *CA*   Zip *95070*

Telephone *(408) 835-7030*    Fax *(408) 4679665*    E-mail *mkhazen@cbcworldwide.com*


THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.



Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

CLA REVISED 4/06 (PAGE 4 OF 4)

Filed: 05/17/10    Entered: 05/17/10 12:42:12    Page 7 of 8

Reviewed by _____ Date _____

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 4 OF 4)**

 

# Professional Overview

**Agent Profile**



# Mahnaz Khazen

Phone: (408) 835-7030
mkhazen@cbcworldwide.com

Coldwell Banker Commercial
Bay
**20490 Saratoga Los Gatos Road**
Saratoga, CA 95070

**Background**

Mahnaz Khazen has over 16 years of Commercial Real Estate Experience and 10 years in the residential and commercial lending practices. She is presently the President of Coldwell Banker Commercial – Bay office located in Down Town Saratoga. The office serves the entire northern California region stretching from Monterey Bay area to the San Francisco Bay area.

In 2009 Mahnaz was honored by San Jose Business Journal in its 100 Silicon Valley woman of influence as well as The northern California Real Estate Woman of Influence by GlobeSt.com and Allen Matkins of San Francisco.

She has represented clients large and small from local Subway leases to Large 200,000 square feet manufacturing sites. She has been consultant to regional malls and retail centers. She is responsible for managing the entire transaction process of all Real Estate activities in her office. In addition to the Commercial Real Estate Activities she provides Consultation services in the areas of Development, or modification of the existing properties. As a CCIM she has the knowledge and the expertise to provide Real Estate Strategies in the highest and best use scenarios.

**Secondary Specialty**

Multi-Family - Enter detail about your multi-family experience here.

**Disciplines**

General Commercial Real Estate - I take pride in my ability to identify the highest and best use for development or modifcation of properties.

**Education**

- MBA

**Awards**

- Business Journal Women of Influence in Silicon Valley, 2009
- Businesswoman of the year, 2004
- Entrepreneur of the year, 2005
- National Leadership award, 2003
- Northern California Real Estate Woman of Influence, 2009

**Languages**